IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MARK JOSHUA RUARK,<br><br>    Defendant. | CRIMINAL ACTION FILE NO.<br>1:10-CR-0160-ODE-JKL |

## NON-FINAL REPORT AND RECOMMENDATION

Before the Court is the letter of Linda Sanders, Warden of the U.S. Medical Center for Federal Prisoners and report of forensic psychologist Lea Ann Preston-Baecht, Ph.D. regarding the status of Defendant Mark Joshua Ruark, whom the Court ordered to undergo involuntary medical treatment for the purpose of restoring him to competency. [Doc. 168.[1]] On April 14, 2016, the Court conducted a conference with counsel for Mr. Ruark and the Government to discuss the letter and report. For the reasons stated below, I **RECOMMEND** that Mr. Ruark be declared **NOT COMPETENT TO STAND TRIAL AND NOT RESTORABLE** and that the Attorney General be **DIRECTED** to effect a formal certification regarding Mr. Ruark's dangerousness under 18 U.S.C. § 4246(a).

---

[1] Due to the personal nature of the information in Warden Sanders' letter and Dr. Preston-Baecht's report, they have been sealed.

1

### A.     Background

On February 25, 2014, this Court recommended an order for involuntary medication of Defendant Mark Joshua Ruark for the purpose of restoring him to competency to stand trial under 18 U.S.C. § 4241, *et seq*. [Doc. 130.] The District Court adopted the recommendation. [Doc. 136.] On May 27, 2015, the Eleventh Circuit affirmed the District Court's ruling. [Doc. 154.]

On June 30, 2015, the Court ordered Mr. Ruark to involuntary medical treatment for a four-month period. [Doc. 156.] Mr. Ruark began treatment shortly thereafter at the U.S. Medical Center for Federal Prisoners in Springfield, Missouri. Before the four-month period expired, Warden Sanders requested a four-month extension of Mr. Ruark's period of involuntary medication. The Court granted the extension, and directed Warden Sanders to report back to the Court whether Mr. Ruark's competency has been restored, and if not, whether and for what reasons Warden Sanders recommends an additional period of treatment. [Doc. 163 at 2.]

In February 2016, Warden Sanders provided the Court with a mental health evaluation prepared by Dr. Preston-Baecht. [*See* Doc. 168.] Dr. Preston-Baecht concluded that Mr. Ruark has not responded well to the treatment and that he remains incompetent to proceed. [*Id.* at 12] She also reported that she cannot say that he is substantially likely to be restored to competency in the foreseeable

future. [*Id.*] Dr. Preston-Baecht recommended that if Ruark is adjudicated as unrestorable to competency, he be evaluated at the U.S. Medical Center for Federal Prisoners to determine whether he poses a danger to others under 18 U.S.C. § 4246. [*Id.* at 12-13.]

On April 14, 2016, the Court held a status conference concerning Dr. Preston-Baecht's conclusions and recommendations. Counsel for Mr. Ruark and the Government attended the conference. Counsel agreed that Mr. Ruark is not competent to proceed and that he is unlikely to be restored to competency for the reasons stated in Dr. Preston-Baecht report. They also agreed that Mr. Ruark should be evaluated to determine he is "presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to the property of another." 18 U.S.C. § 4246(a). Counsel for Mr. Ruark requested, however, that the Court direct the evaluation to occur in a timely manner. Following the hearing, counsel for the Government reported to the Court and defense counsel that Dr. Preston-Baecht could complete the evaluation within 45 days of receipt of an order from this Court.

The parties disagreed, however, on the proper venue for a civil commitment proceeding if Mr. Ruark is certified to be dangerous. The Government contends that if Mr. Ruark is deemed to be dangerous under 18 U.S.C. § 4246, then the

Government may commence a civil commitment proceeding in the Western District of Missouri (the district where the U.S. Medical Center for Federal Prisoners is located). Counsel for Mr. Ruark takes the contrary view that if commitment proceeding is necessary, it should be handled by this Court.

**B.    Discussion**

18 U.S.C. § 4241 authorizes the hospitalization and forced medication of a defendant who has been determined to be not competent to determine whether there is a substantial probability that the defendant will attain the capacity to permit the proceedings to go forward. If at the end of the period of hospitalization it is determined that the defendant's mental condition has not so improved to permit proceedings to go forward, then the defendant is subject to the provisions of 18 U.S.C. §§ 4246 and 4248.[2] 18 U.S.C. § 4241(d).

This Court previously concluded that Mr. Ruark is not competent to stand trial, and the parties agree it is likely that his competency will not be restored. Dr. Preston-Baecht's detailed forensic evaluation amply supports this conclusion. Having reviewed and considered Dr. Preston-Baecht's report and heard from counsel for the Government and Mr. Ruark that there is no dispute on that issue, I find that there Mr. Ruark is not restorable. I therefore **RECOMMEND** that Mr.

---

[2] 18 § U.S.C. 4248, which pertains to the civil commitment of sexually dangerous persons, is not applicable here.

Ruark be declared **NOT COMPETENT TO STAND TRIAL** and **NOT RESTORABLE**.

Since I have determined that Mr. Ruark's mental condition has improved so as to permit proceedings to go forward, he is subject to the provisions of 18 U.S.C. § 4246.  18 U.S.C. § 4241(d).  Section 4246(a) provides as follows:

> If the director of a facility in which a person is hospitalized certifies that a person . . . who has been committed to the custody of the Attorney General pursuant to section 4241(d) . . . is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, and that suitable arrangements for State custody and care of the person are not available, he shall transmit the certificate to the clerk of the court for the district in which the person is confined. The clerk shall send a copy of the certificate to the person, and to the attorney for the Government, and, if the person was committed pursuant to section 4241(d), to the clerk of the court that ordered the commitment. The court shall order a hearing to determine whether the person is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another. A certificate filed under this subsection shall stay the release of the person pending completion of procedures contained in this section.

18 U.S.C. § 4246(a).  Thus, under this statute, if the director of the U.S. Medical Center for Federal Prisoners determines that, because of some mental disease or defect, Mr. Ruark's release would create a substantial risk of bodily injury to another person or serious damage to property of another, and that suitable

5

arrangements for State custody and care of the person are not available, then the director shall issue a certificate to the clerk of court of the United States District Court for the Western District of Missouri.[3]  *See* 18 U.S.C. § 4246(a) (providing that certification is to be made "to the clerk of the court for the district in which the person is confined").

Accordingly, I **RECOMMEND** that the Attorney General be **DIRECTED** to ensure that a formal certification under 18 § U.S.C. 4246 be made from the director of the U.S. Medical Center for Federal Prisoners within 45 days of the director's receipt of the Court's Order.

**IT IS SO RECOMMENDED** this 15th day of April, 2016.

_____
JOHN K. LARKINS III
United States Magistrate Judge

---

[3] At the April 14 status conference, I indicated that I did not have a view as to whether a subsequent commitment proceeding would proceed in the Western District of Missouri or before this Court.  It is not necessary for me to decide that issue now since that issue is not ripe.  If the director issues a certificate of dangerousness under 18 U.S.C. § 4246(a), and the Government pursues commitment proceedings, then the issue may be addressed in the appropriate forum.